## WILLIAM T. HIGGINBOTHAM *vs.* D. S. HASELDEN & C. P. ROHRBOUGH.

### July Term, 1868.

1. A motion by the defendant in error for a rule *nisi*, requiring the plaintiff in error to take the suitors' test oath, is not unreasonably delayed when made at a term before the case, according to the rules of the court, could be called for hearing.

2. The act of February 28th, 1865, in relation to oaths by suitors, applies to writs of error and appeal as well as writs of supersedeas.

3. Parties obtaining writs of error, supersedeas and appeal, to judgments and decrees obtained since April 1st, 1865, are not required to take the suitors' test oath. Act of March 1st, 1866.

A judgment was rendered in the circuit court of Upshur county, on the 18th day of November, 1863, in favor of David Haselden and C. P. Rohrbough, partners, against William T. Higginbotham, Isaac J. Post, John S. Huffman, John D. Imboden and William L. Jackson, for 8,000 dollars. The parties had been proceeded against as non-residents under the act of the general assembly of the reorganized government of Virginia, declaring persons in sympathy with the late rebellion to be non-residents. The defendant Higginbotham gave notice to the plaintiffs, in March, 1866, that he would move the circuit court of Upshur county to reverse the judgment of 18th of November, 1863, for certain errors in the mode of proceeding, and in the manner of obtaining the same. The court overruled the motion of Higginbotham to reverse the judgment, on the 24th day of November, 1866, and he excepted and applied to this court for a writ of error.

* See page 1.

In this court the defendants in error filed an affidavit and moved the court for a rule *nisi* against the plaintiff in error, requiring him to take the oath known as the suitors' test oath, provided in the act of February 28th, 1865, at a previous term of this court, and when the case could not have been called for hearing.

*G. H. Lee* for plaintiff in error.
*J. S. Wheat* for defendants in error.

BROWN, President, delivered the opinion of the court.

The defendant in error filed his affidavit and moved the court for a rule or order *nisi* against the plaintiff in error, requiring him to take the oath commonly called the suitors' oath, as provided in the act of February 28th, 1865.

The plaintiff in error, by his counsel, contested the motion upon the grounds: 1st. That the motion was made too late. 2d. That the act did not apply to a writ of error but only to a supersedeas. 3d. That the cause of action arose since April 1st, 1865. But the motion was made at a term preceding that at which the cause could, under the rules of the court, have been heard, and was therefore not unreasonably delayed. It differs in that from the case of *Nadenbousch* vs. *Sharer*, 2 W. Va., 285, where the motion was delayed till the term at which the cause might be heard on its merits and the trial insisted on.

The case at bar is within the language of the act of February 28th, 1865, and is also within the spirit of it. And it is manifest from the whole act, that it was not the intention of the legislature to limit the operation of the first section by the fourth, in using only the word "supersedeas" in the latter, instead of adding the words "appeal or writ of error." To give the act the narrow or technical construction contended for by the counsel for the plaintiff in error, viz: that the act only applies to writs of supersedeas and not to appeals and writs of error, would be to defeat the object of the law upon a technicality and disregard the reason of the act

in two out of every three cases, all standing on the same ground in substance. *Spaulding* vs. *Preston*, 21 Vt., 12.

As to the third objection, viz : that the cause of action in this case arose since April 1st, 1865, the first inquiry is, what is the cause of action in this case ? Is it the alleged error in the judgment of November 18th, 1863, or in the judgment of November 24th, 1866. The former was rendered by the circuit court of Upshur against absent defendants on order of publication and attachment, and the latter was a judgment by the same court overruling a motion by the said absentees to reverse the first judgment under the provisions of the statute. Code, chap. 181, and act of February 11, 1865.

No appeal could be had from the said judgment of November 18th, 1863. *Barbee* vs. *Pannill*, 6 Grat., 442; *Platt* vs. *Howland*, 10 Leigh, 510. The judgment here appealed from and which is the subject of review in this court is that of November 24th, 1866. And the alleged error therein is the cause of action in this case. *Nadenbousch* vs. *Sharer*, 2 W. Va., 285. And that having arisen since April 1st, 1865, the plaintiff in error is relieved by the statute of March 1st, 1866, from taking the suitors' test oath as to that cause of action.

The motion of the defendant in error for an order *nisi* dismissing this cause upon the failure of the plaintiff in error to take the suitors' oath, as provided in the act of February 28th, 1865, must therefore be overruled at the costs of the party making it.

MOTION OVERRULED.